IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In Re:                                              :
                                                    :
JOY GLOBAL, INC. f/k/a                              :
HARNISCHFEGER INDUSTRIES, INC.,                     :
                                                    :
                Debtor.                             :
                                                    :          Civ. No. 01-039-LPS
_____              :
                                                    :
JOY GLOBAL, INC. f/k/a                              :
HARNISCHFEGER INDUSTRIES, INC.,                     :
                                                    :
                Plaintiff,                          :
                                                    :
        v.                                          :
                                                    :
WISCONSIN DEPARTMENT OF                             :
WORKFORCE DEVELOPMENT,                              :
                                                    :
                Defendants.                         :

## MEMORANDUM ORDER

Now pending before the Court are four separate requests for relief: (i) Joy Global's

motion for summary judgment (D.I. 297); (ii) Joy Global's letter request for a protective order to

stay discovery pending resolution of its summary judgment motion (D.I. 315); (iii) the

Department's motion to limit Joy Global to one more summary judgment motion, to be filed after

January 1, 2009 (D.I. 301); and (iv) the Department's renewed motion to compel discovery (D.I.

291; *see also* D.I. 246).  For the reasons set forth below, each of these requests is DENIED.

Joy's Motion for Summary Judgment

        In its fifth motion for summary judgment, Joy Global argues for the first time that the

Wisconsin statute authorizing the Department to bring suit limits the Department to suits

1

expressly (a) for wage claims (b) against employers. Because this case now involves only a claim for tortious interference with contractual relations against the majority shareholder of an employer, Joy Global continues, judgment must be entered for Joy Global.

The Department responds that Joy Global waived its opportunity to raise these issues by waiting so long to assert them. It adds that even if the merits of Joy Global's current summary judgment motion are reached, the Department's statutory authority is broader than Joy Global contends.

It is not immediately apparent why Joy Global did not raise its current objections until this case had already been litigated for over seven years. To the Court's knowledge, at no point in any prior proceeding – in this Court, the Bankruptcy Court, or the Court of Appeals – has Joy Global questioned what would seem to be fundamental issues as to whether the Department even has the right to maintain this lawsuit.

However, the Court has concluded that now is not the appropriate time to decide the merits of Joy Global's arguments or the Department's contention that these arguments have been waived. Instead, for reasons set forth in more detail below (in addressing the Department's motion to limit future summary motions), the Court believes the better procedure is for the parties now to move on with discovery and, thereafter, for the Court to consider all remaining arguments for and against entry of summary judgment for either party.

Accordingly, Joy Global's latest motion for summary judgment is denied without prejudice to presenting the arguments contained therein in a new motion for summary judgment to be filed at a time consistent with the modified Scheduling Order (*see infra*). If Joy Global chooses to file a new motion for summary judgment containing these arguments, the Department

may, if it chooses to do so, raise in opposition any or all of the contentions it has presented in connection with briefing on the pending motion for summary judgment, including its waiver argument.

Joy's Letter Request to Stay Discovery

On February 14, 2008, counsel for Joy Global wrote a letter to the Court to "move[] for a protective order under Rule 26(c) to stay discovery pending resolution of Joy Global's summary judgment motion." (D.I. 315 at 1) Because the Court has denied Joy Global's summary judgment motion, *see supra*, the Court likewise denies Joy Global's letter request as moot.

Joy Global's request for a protective order must also be denied because its filing is inconsistent with several clear provisions of the Scheduling Order. Paragraph 10 of the Scheduling Order explicitly states: "Except as otherwise specified herein, any application to the Court shall be by written motion filed by the Clerk." (D.I. 292) Joy Global failed to file a "written motion" and instead, for reasons that are unclear, chose to file a letter.

Also problematic is Joy Global's failure to comply with paragraph 3.f. of the Scheduling Order, which provides: "Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at [phone number] to schedule a telephone conference." There can be no doubt that Joy Global's request for a protective order "to stay discovery" is a "discovery matter." Moreover, paragraph 3.f. also states that "[d]isputes over protective orders . . . which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph."

The Court takes this opportunity to remind the parties that the Scheduling Order is an order of the Court. It was entered after careful consideration of the parties' submissions relating

to scheduling.  It governs how, and when, further events will occur in this matter.  The parties are

to follow the procedures and timing set forth in the Scheduling Order.[1]

Department's Motion to Limit Joy Global's Future Summary Judgment Motions

The Department seeks to limit Joy Global's opportunity to file additional summary

judgment motions in two ways: (i) it wants Joy Global to be limited to filing only a single

additional summary judgment motion, given that it has already filed five; and (ii) it wants Joy

Global to be precluded from filing its one final summary judgment motion until after January 1,

2009, by which time discovery will be completed.  (D.I. 301)  Joy Global opposes the

Department's motion on the grounds that Rule 56(f) permits summary judgment motions to be

filed at any time (beginning 20 days after the commencement of the action) and that Joy Global

has not abused the summary judgment process.[2]  (D.I. 316)

The Court will deny the Department's motion.  The good faith reasons why, over the

course of seven years of litigation, Joy Global filed its first four summary judgment motions are

largely evident from the various opinions issued in this case by the Third Circuit and this Court.

However, the Court will modify the Scheduling Order to make clear that, absent leave of

the Court, no case dispositive motions or briefs shall be filed before January 15, 2009.

---

[1]In particular, before filing anything in writing relating to any discovery matter, the parties must first contact chambers to schedule a telephone conference.  See Scheduling Order (D.I. 292) at ¶ 3.f.

[2]It appears that the Department failed to comply with D. Del. LR 7.1.1, which requires a party to make a reasonable effort to reach agreement with the opposing party before filing any non-dispositive motion.  The Department did not attach a D. Del. LR 7.1.1 statement to its motion and Joy Global represents that the Department never contacted Joy Global about its motion.  (D.I. 316 at 3 n.1)  The Department's failure to comply with this Court's Local Rules would be a sufficient basis to dismiss its motion.  Although it should go without saying, the parties are reminded that they are obligated to follow the Local Rules.

Specifically, paragraph 9 of the Scheduling Order is hereby amended to add the underlined

sentence:

> All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before January 15, 2009. No case dispositive motion or brief may be filed prior to January 15, 2009 without leave of the Court. Briefing will be presented pursuant to the Court's Local Rules.

With this modification, the Court intends for the parties to understand that the efficient,

streamlined process that the Court views as most appropriate for this case, given its unique

circumstances and history, involves the parties dealing primarily with discovery until the time of

the discovery cut-off (December 1, 2008). After discovery is completed, both parties will have

an opportunity to raise any summary judgment arguments they believe are proper, consistent with

the standards governing summary judgment; both parties will likewise have an opportunity to

raise any arguments countering such summary judgment motions, including arguments relating to

the timing that issues were first raised. If, prior to January 15, 2009, either party believes in good

faith that extraordinary circumstances exist that should cause the Court to deviate from the

preferred schedule set out in the Scheduling Order, such party shall file a motion seeking leave to

do so. No briefing on any summary judgment motion shall be filed before January 15, 2009

unless and until the Court grants leave to do so pursuant to modified paragraph 9 of the

Scheduling Order.

Department's Motion to Compel Discovery

Finally, the Department has moved to compel responses to discovery it served on Joy

Global in August 2006. Joy Global argues that the Department served these discovery requests

prematurely, months before the parties met and conferred to discuss discovery and before the

Court entered a Scheduling Order.  (D.I. 296)  The Department counters that its discovery was authorized by a magistrate judge who was then mediating the case and, in any event, Joy Global waited too long to object to the Department's discovery request as premature.  (D.I. 291, 299)

The Department's motion to compel will be denied.  Absent an exception not present here, Fed. R. Civ. P. 26(d) expressly provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  It is undisputed that the Department served its discovery requests on August 18, 2006, yet the parties did not conduct their Rule 26(f) conference until October 23, 2006.

While it may well be that the magistrate judge who was mediating the case in and around August 2006 directed the parties to exchange certain materials in an effort to encourage resolution of the case, there is no order of the Court modifying the procedures and timing set forth in the Federal Rules of Civil Procedure.  It instead appears, as often happens, that the parties were pursuing two separate but related tracks: an informal mediation process whereby a magistrate judge tries to assist the parties in settling their differences; and a formal litigation process governed by Court rules and orders.  Even if, at times, one or more parties may have confused the one process with the other, the fact remains that the informal mediation process did not result in any modification of the formal litigation process.

As has already been noted, the Scheduling Order gives the parties until December 1, 2008 to complete discovery.  This is ample time for the Department to serve any discovery requests it believes are proper under the Rules; Joy Global may then raise any available objections.  If the parties are unable, after good faith efforts, to resolve their disputes, the Scheduling Order provides a mechanism for presenting discovery disputes to the Court.  *See* D.I. 292 at ¶ 3.f.  The

time for fighting over discovery requests that were served years ago, when the case was in a far

different posture and before a different judge, has passed.

Conclusion

This 15th day of February, 2008, for the reasons set forth above, IT IS HEREBY

ORDERED:

1.      Joy Global's motion for summary judgment (D.I. 297) is DENIED without

prejudice to Joy Global's ability to renew the arguments contained therein in a subsequent case

dispositive motion filed in accordance with the timing set forth in the Scheduling Order (D.I.

292) as modified herein.

2.      Joy Global's letter request for a protective order to stay discovery (D.I. 315) is

DENIED.

3.      The Department's motion to limit future summary judgment motions (D.I. 301) is

DENIED.

4.      The Department's motion to compel discovery (D.I. 291) is DENIED.

5.      The Scheduling Order in this case (D.I. 292) is modified to add the underlined

portion below to paragraph 9 governing the filing of case dispositive motions:

> All case dispositive motions, an opening brief, and affidavits, if any, in
> support of the motion shall be served and filed on or before January 15, 2009. No
> case dispositive motion may be filed prior to January 15, 2009 without leave of
> the Court. Briefing will be presented pursuant to the Court's Local Rules.

_____
UNITED STATES MAGISTRATE JUDGE