**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | : | |
| JOY GLOBAL, INC. f/k/a HARNISCHFEGER INDUSTRIES, INC. | : | |
| Debtor. | : | Civ. No. 01-039-LPS |
| JOY GLOBAL, INC. f/k/a HARNISCHFEGER INDUSTRIES, INC. | : | |
| Plaintiff, | : | |
| v. | : | |
| WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT, | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Plaintiff Joy Global, Inc. ("Joy") has filed a Motion for Reconsideration (Docket Item ["D.I."] 318) of the Court's February 15, 2008 Memorandum Opinion and Order ("Order") (D.I. 317) denying Joy's motion for summary judgment without prejudice and amending the scheduling order (D.I. 297). The Court has considered Joy's Brief in Support of its Motion (D.I. 319) and the Wisconsin Department of Workforce Development's ("the Department") Answer (D.I. 320). The motion is DENIED.

The standards that apply to motions for reargument and reconsideration in the District of Delaware are stringent:

> [G]rant of the reargument motion can only occur in one of three circumstances: a) where the Court has patently misunderstood a party, b) [where the Court] has made a decision outside the adversarial issues presented to the Court by the parties, or c) [where the Court] has made an error not of reasoning but of apprehension.

*Schering Corp. v. Amgen, Inc.*, 25 F. Supp.2d 293, 295 (D. Del. 1998) (internal quotation marks and citations omitted). A motion for reconsideration should be denied "where the proponent simply rehashes materials and theories already briefed, argued, and decided." *Id.*

Joy raises three arguments that, for the most part, do not attempt to meet the above standards. First, Joy insists that "fairness and efficiency" require that the Court consider and resolve now what it terms "the straightforward issue of law" raised by its (fifth) summary judgment motion. This is nothing more than a disagreement with the Court's assessment that, given the history of this case, it will be preferable for the parties to deal primarily with discovery until the discovery cut-off date of December 1, 2008 and, thereafter, move to case-dispositive motions. Such a disagreement is not a basis for reconsideration.

Next, Joy argues that the Court's Order violates Federal Rule of Civil Procedure 56, which provides that "[a] party against whom relief is sought may move at any time . . . for summary judgment" and that summary judgment "should" be granted when the applicable standards are met. Joy made precisely this argument in opposing the Department's motion to limit Joy to one further summary judgment motion (D.I. 316 at 1, 3-5), and the Court has already rejected it (D.I. 317 at 4).

Finally, Joy defends the timing of its most recent summary judgment motion. The Court understands that if Joy chooses to again raise (after the close of discovery) the legal arguments it presented in its latest summary judgment motion, the Department may claim that these arguments

came too late, and Joy will have its response to that claim. None of this, however, provides a basis for reconsideration of the Court's Order.

Accordingly, it is hereby ORDERED that Joy's Motion for Reconsideration is DENIED.

UNITED STATES MAGISTRATE JUDGE

March 11, 2008
Wilmington, Delaware